## No. 8176.

BOARD OF LIQUIDATORS OF HART & HÉBERT VS. A. H. HUGUET ET AL. F. FORMENTO, INTERVENOR.

Creditors, who accept a voluntary assignment from their debtor, of the latter's property, at a certain appraised value, much exceeding the amount of their claims, are estopped, in the absence of error or fraud, from afterwards alleging the insolvency of the debtor at the moment of the assignment.

Such creditors are, therefore, precluded from bringing the Revocatory action against the said debtor and his vendee of some property not included in the assignment.

APPEAL from the Seventeenth Judicial District Court, Parish of East Baton Rouge. *Sherburne, J.*

---

*Saml P. Greves* and *H. M. Favrot* for Plaintiffs and Appellants:

The effect of the registry of a notarial act in the conveyance office, is to give notice to the world of the provisions therein contained. This effect is produced from the day the act is deposited for registry with the recorder. R. C. C. 2254, 2264.

A counter-letter affecting the transfer of real estate has no effect against creditors or bona fide purchasers, unless registered. R. C. C. 2239; 3 R. 439; 9 An. 69; 12 An. 622.

If the real owner of property allows it to stand recorded in the name of another by a title translative of property, and that other fails in business, it becomes the common pledge of his creditors. 29 An. 604.

During the pendency of a revocatory action, or one in revendication of property, no alienation thereof can be made to the prejudice of the claimant. R. C. C. 2453, Act No. 3, of 1878, p. 31, re-enacting same; 13 L. 260; 9 An. 257; 16 An. 280.

In a revocatory action based upon fraudulent disposition of property by the debtor, where plaintiff shows his liabilities, it is incumbent on those opposing the alienation to show property to an equal or greater amount. R. C. C. 1985; 2 N. S. 68; 4 N. S. 652; 2 L. 16.

A preference given to one creditor, even ignorant of the debtor's insolvency, is a fraud on the other creditors. 2 L. 18; 8 L. 308; 14 L. 367; 30 A. 512.

Knowledge of the agent or attorney is knowledge of his principal. Story on Agency, 451, 140, p. 159.

Where prescription of one year is plead against plaintiff's action, it is the time within which it is brought which is the test, and not the sufficiency of the allegations which support it. 27 A. 715.

## NEW ORLEANS, MARCH, 1881. 363

Board of Liquidators of Hart & Hebert vs. Huguet et al.

The plea of discussion cannot be renewed after defendant has not only suffered but provoked a trial on the merits of a revocatory action. R. C. C. 1973.

A donation *inter vivos,* cannot be made by proxy, particularly where it does not appear that the power of attorney is executed in authentic form. Such a donation confers no title to donee of immovable property. R. C. C. 2996, 1540, 1542, 1543.

*A. S. Herron, Read & Goodale,* for Defendants and Appellees; and *Read & Goodale* for Intervenor:

In order to sustain a revocatory action it is necessary to prove: 1. Insolvency; 2. Fraud; 3. Injury; 4. Knowledge.

It is the value of the debtor's property at the date of the sale complained of, and not its subsequent value, that determines the question of solvency.

Where creditors accept the property of a debtor at fixed values, the aggregate of which exceeds the entire indebtedness, and discharge the debtor, reserving the right to attempt to recover certain property transferred previously by such debtor, such reservation is invalid on its face.

While the U. S. bankrupt law was in operation the State insolvent laws were suspended, and conventions between debtors and creditors, looking to the discharge of the former, were not *ipso facto* proof of insolvency, but must be judged on their merits.

In cases analogous to a *cessio bonorum* creditors must show that they have exacted from the debtor all the property allowed by law before they can pursue property previously transferred by the debtor. Liberality in such a case is fatal.

The true test of insolvency is not the immediate inability of the debtor to pay his debts in cash, but it is the comparative value of his debts and assets, whenever the alleged insolvency is said to have taken place.

Good faith is always presumed. The burden of proof is on him who alleges bad faith. Bridgeford & Co. vs. Simonds *et al.*, 18 A. 123.

The names of all the principals must be disclosed as plaintiffs by one bringing suit as agent for several parties. 24 A. p. 18. An amended petition, setting forth the names of the principals, is too late if filed after prescription is acquired.

"When the mortgageor holds by a title apparently legal and valid, which is properly inscribed in the public records, the mortgagee in good faith is not affected by fraud, or simulation, or want of consideration between the mortgageor and his vendor." 32 A. 420; 11 La. 408; 26 A. 467.

There is no notice to the world of any rights reserved by notarial act against real estate by record of same in the conveyance book of the parish. Such reservation, in order to affect third parties, must be recorded in the book of mortgages and privileges.

———

The opinion of the Court was delivered by

Poché, J. This is a revocatory action, instituted by Sam'l P. Greves, Henry Bodly, I. D. Blouin, John O'Connor and B. Duchein, claiming to be the members of a Board of Liquidators of the creditors of Hart & Hébert, a late banking firm in Baton Rouge, composed of S. M. Hart, F. E. Hóbert and A. H. Huguet, who are alleged to have made a voluntary surrender and transfer of their property to their creditors by authentic act, under date of December 7th, 1875.

Plaintiffs, alleging that they were appointed to compose said board at a meeting of said creditors, on the 18th of December, 1875, bring this suit against A. H. Huguet, a member of the banking firm aforesaid, and against John S. Huguet, with the double object of obtaining against A.

H. Huguet, and in favor of *the creditors* of Hart & Hébert, a moneyed judgment of $118,000, it being the amount of the liabilities of the firm, and also of annulling a transfer of a certain plantation made by A. H. Huguet to John S. Huguet, on the 29th of September, 1875, as in fraud of the creditors of said firm.

Defendants first excepted to plaintiffs' petition on the ground that it failed to disclose the names of the creditors of said firm, who were the real party plaintiffs in the suit, and that said board had no authority or power to stand in judgment.

This was followed by another exception urging that the petition failed to allege any injury as a result of the illegal transfer complained of, and pleading the right of discussion.

The plea of discussion was maintained by the court, but was subsequently waived by the defendants, who, however, reserved the right to renew the same.

With leave of the court, plaintiffs filed an amended petition, in which they disclosed the names of the creditors whom they claimed to represent, and made specific allegation of the injury to their principals as a result of the alleged illegal transfer of the Highlands plantation, thus curing the two defects in their petition pointed out in defendants' exceptions.

Defendants then pleaded to the merits in separate answers, in which they denied the alleged insolvency of A. H. Huguet at the time of the transfer of the plantation, and maintained the legality and binding effect of the transaction attacked by plaintiffs.

An intervention was then filed by Dr. Felix Formento, who claimed the ownership in himself of the plantation in suit, which had been sold by John S. Huguet to W. P. Huguet, and that in execution of the latter's mortgage notes the plantation had been adjudicated to intervenor at a sheriff's sale.

To this petition plaintiffs filed a general denial.

At this stage defendants filed another exception, pleading the prescription of one year, to reckon from the date of the transfer to the date of the filing of the amended petition, disclosing the names of the proper parties.

The judgment of the lower court was in favor of defendants and of the intervenor, and plaintiffs appeal.

The pleadings in this case are very complicated and the record quite voluminous, but the view which we take of the cause allows us to dispose of it without solving the numerous legal problems and intricate questions of fact raised in the pleadings and discussed in the briefs of counsel.

The first and essential element of success for plaintiff in a revoca-

tory action is the proof of the insolvency of his debtor at the time of performing the act or executing the contract sought to be revoked or annulled.

On, or within a few days of, the date of the alleged fraudulent transfer by A. H. Huguet to his brother John S. Huguet of the Highlands Plantation, the former joined his copartners, Hart and Hébert, in a voluntary surrender to a committee appointed by the very creditors who are now prosecuting this suit, of considerable property owned by the firm and by the individual members thereof, for the purpose of meeting the liabilities of the banking firm.

The record shows that the committee thus selected and empowered by these creditors was entrusted with full and absolute power in their behalf to accept such transfer, and to bind their principals in the matter of such surrender.

The record further shows that the act of surrender was preceded by a full and detailed statement of the liabilities of the firm, showing its indebtedness to amount to $118,000, and this statement was followed by a detailed enumeration and description of all the property surrendered by the firm and individual members to their creditors, the plaintiffs in this case, acting through the agency of the committee appointed and accredited by them as above set forth.

The record shows that outside of several items or pieces of property embraced in the schedule and not appraised therein, property appraised by the debtors and by the committee of creditors, and described in said schedule, amounting in value to $159,011 13, was on that day surrendered by the firm of Hart & Hébert to their creditors, the plaintiffs in this case.

Now, these parties, having through their authorized agents, participated in this evaluation, having received said property at the stipulated appraisement, having not alleged error or fraud in said surrender and appraisement, or that, after realizing from the sale of said property the same did not have the value attributed to it in the surrender, they are now estopped from denying the legal effect of such surrender and accompanying appraisement; and, besides, they have utterly failed to prove that the property thus surrendered and accepted by themselves was not sufficient in value at the time of the surrender to fully discharge the entire indebtedness of the firm.

It is, therefore, safe to conclude that A. H. Huguet, a member of said firm, entitled to full credit out of the proceeds of the property thus surrendered, was not in a state of insolvency, and in consequence of such insolvency debarred of the right of disposing of his own separate property as seemed fit to him, or advantageous to his interest.

By the acceptance of the surrender, under its terms and stipula-

tions, these plaintiffs ceased to be the creditors of Hart & Hébert in the sum of $118,000, and could, therefore, lay no claim to the individual property of A. H. Huguet as a member of said firm.

The attempt to prove the insolvency of Huguet having failed, the whole revocatory action is paralyzed and fails also.

The record further shows that some twenty-two creditors of the firm refused or neglected to participate in the act of surrender, or in the selection of a committee or board authorized to accept the surrender, and to liquidate the affairs of the firm. They have not joined in this suit, and their rights are, therefore, not before us for adjudication in this case; and hence the self-styled board of liquidators have no authority to ask or sue for them in this or any other judicial proceeding.

Therefore, they cannot recover against this defendant, or even against the whole firm, a judgment for the full amount of indebtedness of the firm to all their creditors collectively.

Having received vast and valuable property from their debtors, with power and instruction to apply the same to the firm's indebtedness, they clearly cannot recover judgment for the full amount of such debt, as though nothing had been given to meet its payment or satisfaction, at least in part.

Had these creditors disposed of the property thus surrendered to them, and had they alleged and proved that the proceeds had been insufficient to discharge the firm's indebtedness, they might be entitled to recover judgment against this defendant for such difference, and we shall amend the judgment so as to protect the creditors in that right.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be amended so as to reject plaintiffs' demand for a moneyed judgment against A. H. Huguet, as in case of nonsuit; and that said judgment be affirmed in all other respects; and it is further ordered that the costs incurred in the lower court be paid by plaintiffs, and costs of this appeal by the defendant, A. H. Huguet.